**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBEN ODELL BOULWARE,                    No. C 09-02792 CW (PR)

        Plaintiff,                    ORDER OF SERVICE

   v.

D. M. DUNSTAN,

        Defendant.

_____/

INTRODUCTION

Plaintiff Ruben Odell Boulware, a state prisoner currently incarcerated at California Men's Colony State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983.  He alleges that Defendant CTF Correctional Officer D. M. Dunstan retaliated against him for filing inmate grievances while incarcerated at the Correctional Training Facility (CTF) in Soledad, California.

Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the acts complained of occurred at CTF, located in Monterey County, which is within this judicial district.  28 U.S.C. §§ 84(a), 1391(b).

Plaintiff raised the same retaliation claim against Defendant Dunstan in a previous action before this Court.  See Case no. 06-2733 CW (PR).  On December 18, 2007, Plaintiff's retaliation claim in Case no. 06-2733 CW (PR) was dismissed without prejudice to re-filing it in a new action because he "did not exhaust his administrative remedies with respect to his retaliation claim in a timely manner."  (Dec. 18, 2007 Order in Case no. 06-2733 CW (PR) at 9.)  Plaintiff now claims that he has since exhausted his administrative remedies with respect to his retaliation claim.

**United States District Court**
For the Northern District of California

Therefore, he has re-filed his retaliation claim against Defendant Dunstan in the present action.

                              DISCUSSION

I.    Standard of Review

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

II.   Retaliation Claim

      Plaintiff alleges several acts of retaliation by Defendant Dunstan, including: instructing prison staff not to provide Plaintiff with "clean clothing" in August, 2005; intimidating Plaintiff on September 7, 2005; authoring fabricated rule violation reports against Plaintiff on November 7, 2005, November 28, 2005, and January 18, 2006; and conducting harassing searches of Plaintiff's cell and seizures of his property on November 29, 2005.

                                  2

**United States District Court**
For the Northern District of California

1  (Compl. at 5-9.)  Prisoners may not be retaliated against for

2  exercising their right of access to the courts, <u>Schroeder v.</u>

3  <u>McDonald</u>, 55 F.3d 454, 461 (9th Cir. 1995), which extends to

4  established prison grievance procedures, <u>Bradley v. Hall</u>, 64 F.3d

5  1276, 1279 (9th Cir. 1995).  Plaintiff alleges that Defendant

6  Dunstan's actions were in retaliation against Plaintiff for filing

7  grievances.  The Court finds that, liberally construed, Plaintiff's

8  claim for retaliation for filing grievances is cognizable.  <u>See</u>

9  <u>Schroeder</u>, 55 F.3d at 461; <u>Bradley</u>, 64 F.3d at 1279.

10                            CONCLUSION

11      For the foregoing reasons, the Court orders as follows:

12      1.   Plaintiff presents a constitutionally cognizable

13  retaliation claim against Defendant Dunstan.

14      2.   The Clerk of the Court shall mail a Notice of Lawsuit and

15  Request for Waiver of Service of Summons, two copies of the Waiver

16  of Service of Summons, a copy of the complaint and all attachments

17  thereto (docket no. 1) and a copy of this Order to <u>CTF Correctional</u>

18  <u>Officer D. M. Dunstan</u>.  The Clerk of the Court shall also mail a

19  copy of the complaint and a copy of this Order to the State

20  Attorney General's Office in San Francisco.  Additionally, the

21  Clerk shall mail a copy of this Order to Plaintiff.

22      3.   Defendant is cautioned that Rule 4 of the Federal Rules

23  of Civil Procedure requires Defendant to cooperate in saving

24  unnecessary costs of service of the summons and complaint.

25  Pursuant to Rule 4, if Defendant, after being notified of this

26  action and asked by the Court, on behalf of Plaintiff, to waive

27  service of the summons, fails to do so, Defendant will be required

28  to bear the cost of such service unless good cause be shown for

                               3

1  their failure to sign and return the waiver form.  If service is

2  waived, this action will proceed as if Defendant had been served on

3  the date that the waiver is filed, except that pursuant to Rule

4  12(a)(1)(B), Defendant will not be required to serve and file an

5  answer before sixty (60) days from the date on which the request

6  for waiver was sent.  (This allows a longer time to respond than

7  would be required if formal service of summons is necessary.)

8  Defendant is asked to read the statement set forth at the foot of

9  the waiver form that more completely describes the duties of the

10  parties with regard to waiver of service of the summons.  If

11  service is waived after the date provided in the Notice but before

12  Defendant has been personally served, the Answer shall be due sixty

13  (60) days from the date on which the request for waiver was sent or

14  twenty (20) days from the date the waiver form is filed, whichever

15  is later.

16      4.   Defendant shall answer the complaint in accordance with

17  the Federal Rules of Civil Procedure.  The following briefing

18  schedule shall govern dispositive motions in this action:

19          a.   No later than ninety (90) days from the date

20  Defendant's answer is due, Defendant shall file a motion for

21  summary judgment or other dispositive motion.  The motion shall be

22  supported by adequate factual documentation and shall conform in

23  all respects to Federal Rule of Civil Procedure 56.  If Defendant

24  is of the opinion that this case cannot be resolved by summary

25  judgment, Defendant shall so inform the Court prior to the date the

26  summary judgment motion is due.  All papers filed with the Court

27  shall be promptly served on Plaintiff.

28          b.   Plaintiff's opposition to the dispositive motion

4

**United States District Court**
For the Northern District of California

1   shall be filed with the Court and served on Defendant no later than

2   sixty (60) days after the date on which Defendant's motion is

3   filed.   The Ninth Circuit has held that the following notice should

4   be given to pro se plaintiffs facing a summary judgment motion:

5           The defendant has made a motion for summary
        judgment by which they seek to have your case dismissed.

6       A motion for summary judgment under Rule 56 of the
        Federal Rules of Civil Procedure will, if granted, end

7       your case.

8           Rule 56 tells you what you must do in order to
        oppose a motion for summary judgment.  Generally, summary

9       judgment must be granted when there is no genuine issue
        of material fact -- that is, if there is no real dispute

10      about any fact that would affect the result of your case,
        the party who asked for summary judgment is entitled to

11      judgment as a matter of law, which will end your case.
        When a party you are suing makes a motion for summary

12      judgment that is properly supported by declarations (or
        other sworn testimony), you cannot simply rely on what

13      your complaint says.  Instead, you must set out specific
        facts in declarations, depositions, answers to

14      interrogatories, or authenticated documents, as provided
        in Rule 56(e), that contradict the facts shown in the

15      defendant's declarations and documents and show that
        there is a genuine issue of material fact for trial.  If

16      you do not submit your own evidence in opposition,
        summary judgment, if appropriate, may be entered against

17      you.  If summary judgment is granted [in favor of the
        defendants], your case will be dismissed and there will

18      be no trial.

19  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

20  banc).

21      Plaintiff is advised to read Rule 56 of the Federal Rules of

22  Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

23  (party opposing summary judgment must come forward with evidence

24  showing triable issues of material fact on every essential element

25  of his claim).   Plaintiff is cautioned that because he bears the

26  burden of proving his allegations in this case, he must be prepared

27  to produce evidence in support of those allegations when he files

28  his opposition to Defendant's dispositive motion.   Such evidence

**United States District Court**
For the Northern District of California

1  may include sworn declarations from himself and other witnesses to

2  the incident, and copies of documents authenticated by sworn

3  declaration.  Plaintiff will not be able to avoid summary judgment

4  simply by repeating the allegations of his complaint.

5           c.   If Defendant wishes to file a reply brief, Defendant

6  shall do so no later than <u>thirty (30) days</u> after the date

7  Plaintiff's opposition is filed.

8           d.   The motion shall be deemed submitted as of the date

9  the reply brief is due.  No hearing will be held on the motion

10 unless the Court so orders at a later date.

11      5.   Discovery may be taken in this action in accordance with

12 the Federal Rules of Civil Procedure.  Leave of the Court pursuant

13 to Rule 30(a)(2) is hereby granted to Defendants to depose

14 Plaintiff and any other necessary witnesses confined in prison.

15      6.   All communications by Plaintiff with the Court must be

16 served on Defendant, or Defendant's counsel once counsel has been

17 designated, by mailing a true copy of the document to Defendant or

18 Defendant's counsel.

19      7.   It is Plaintiff's responsibility to prosecute this case.

20 Plaintiff must keep the Court informed of any change of address and

21 must comply with the Court's orders in a timely fashion.

22      8.   Extensions of time are not favored, though reasonable

23 extensions will be granted.  Any motion for an extension of time

24 must be filed no later than <u>fifteen (15) days</u> prior to the deadline

25 sought to be extended.

26      IT IS SO ORDERED.

27 DATED: 5/7/2010

   CLAUDIA WILKEN
28
   UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3

4          RUBEN ODELL BOULWARE,                          Case Number: CV09-02792 CW

5                        Plaintiff,                        **CERTIFICATE OF SERVICE**

6              v.

7          D M DUNSTAN et al,

8                        Defendant.
                                                    /

9

10         I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
           Court, Northern District of California.

11         That on May 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
           copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12         envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
           located in the Clerk's office.

13

14

15         Ruben Odell Boulware V16965
           California Men's Colony State Prison
16         Cell #5239X
           P.O. Box 8101
17         San Luis Obispo,  CA 93960

18         Dated: May 7, 2010
                                                    Richard W. Wieking, Clerk
19                                                  By: Nikki Riley, Deputy Clerk

20

21

22

23

24

25

26

27

28